IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 4:05-909 |
| | ) | |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| JIMMIE ARCHIBALD SUTTON | ) | |
| | ) | |

AGREEMENT made this _28th_ day of _April_, 2006, between and among the United States of America, as represented by United States Attorney REGINALD I. LLOYD, Assistant United States Attorney Rose Mary Parham; the Defendant, **JIMMIE ARCHIBALD SUTTON**, and Defendant's Attorney, William F. Nettles, IV, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1.     The Defendant, **JIMMIE ARCHIBALD SUTTON**, agrees to plead guilty to Count 1 of the Indictment now pending, FED. R. CRIM.P. 11(a).

2.     The Defendant, **JIMMIE ARCHIBALD SUTTON**, agrees to consent to the commencement of a presentence investigation immediately, FED. R. CRIM. P. 32(c).

3.     The Defendant, **JIMMIE ARCHIBALD SUTTON**, understands that in addition to any fines that the Court may impose, the Court will assess $100.00 for each felony count to which he pleads guilty and will assess $25.00 for each misdemeanor count to which he pleads guilty. The Defendant agrees to pay the special assessment by certified check or money order and to deliver the special assessment, on the day the Defendant executes this Plea Agreement, to the Clerk, U.S. District Court, in compliance with the Statement of Special Assessment Amount attached hereto. The Defendant further agrees that any monetary penalty that the Court

imposes, including the special assessment, fine, costs or restitution, is due immediately unless otherwise stated by the Court. The Defendant further agrees to submit a fully completed Financial Statement of Debtor form as requested by the United States Attorney's Office. The Defendant further agrees that failure to pay the special assessment at the time of the entry of the guilty plea may result in the obligations of the Attorneys for the Government within this agreement becoming null and void. The Defendant understands that any monetary penalty imposed is not dischargeable in bankruptcy. The Defendant further understands that if he fails to pay the special assessment, this unpaid debt will be turned over to the collections division within the U.S. Attorney's Office for collection, 18 U.S.C. § 3013.

4. The Defendant, **JIMMIE ARCHIBALD SUTTON**, agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration. The Defendant agrees that any monetary penalty the court imposes, including the special assessment, fines, costs, or restitution, will be paid through participation in this program.

5. The Defendant, **JIMMIE ARCHIBALD SUTTON**, agrees to be fully truthful and forthright with the United States Attorney's Office for the District of South Carolina and federal law enforcement agents in their investigation of the importation and distribution of controlled substances, money laundering, firearms offenses, income tax evasion and other unlawful activities, to include, but not limited to, truthful and complete debriefings of the Defendant's knowledge concerning the importation and distribution of controlled substances, money laundering, firearms offenses, income tax evasion and other unlawful activities. Also, the Defendant understands that he must fully disclose and provide truthful information to the Attorneys for the Government including any books, papers, or documents or any other items of

evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Attorneys for the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Attorneys for the Government, cause the obligations of the Attorneys for the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Attorneys for the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that: (1) the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above; (2) any and all additional charges known to the Attorneys for the Government may be filed in the appropriate district; (3) the Attorneys for the Government may argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and (4) the Attorneys for the Government may use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

6. The Defendant, **JIMMIE ARCHIBALD SUTTON**, agrees to submit to such polygraph examinations as may be requested by the Attorneys for the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Attorneys for the Government. Defendant, **JIMMIE ARCHIBALD SUTTON**, further agrees that his failure to pass any such polygraph examination to the Government's satisfaction will result, at Government's sole discretion, in the obligations of the Attorneys for the Government within the Agreement becoming null and void.

7. The Attorneys for the Government agree that any self-incriminating information

provided by the Defendant, **JIMMIE ARCHIBALD SUTTON**, as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant, **JIMMIE ARCHIBALD SUTTON**, in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

(A) known to the Attorneys for the Government prior to the date of this Agreement;

(B) concerning the existence of prior convictions and sentences;

(C) in a prosecution for perjury or giving a false statement; or

(D) in the event there is a breach of the cooperation provisions of this Plea Agreement.

§ 1B1.8, United States Sentencing Commission Guidelines.

8.     Provided the Defendant, **JIMMIE ARCHIBALD SUTTON**, cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by Attorneys for the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to move the Court to depart from the United States Sentencing Commission Guidelines, pursuant to §5K1.1 of those Guidelines, and Title 18, United States Code, Section 3553(e), and/or move the Court for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant, **JIMMIE ARCHIBALD SUTTON**, further understands that any such motions by the Attorneys for the Government are not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his plea.

9.     The Defendant, **JIMMIE ARCHIBALD SUTTON**, understands that the United

States Sentencing Guidelines are advisory, and will be reviewed by the Court in determining a reasonable sentence. The Defendant further understands that in addition to the United States Sentencing Guidelines, the Court will consider the factors set forth in Title 18, United States Code, Section 3553(a) in determining a reasonable sentence.

10. The Defendant, **JIMMIE ARCHIBALD SUTTON**, understands that the matter of sentencing is within the sole discretion of the Court, and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Attorneys for the Government, or the United States Probation Office is only a prediction, not a promise, and is not binding on the Attorneys for the Government, the Probation Office or the Court. The Defendant further understands that the Attorneys for the Government retain the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant, and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea, FED.R.CRIM.P. 11(b)(3).

11. The Defendant, **JIMMIE ARCHIBALD SUTTON**, represents to the Court that the Defendant has had the services of an attorney the Defendant believes to be competent; that the Defendant has met with said attorney on a sufficient number of occasions and for a sufficient

period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and Defendant's attorney have discussed possible defenses, if any, to the charges in the indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in the Defendant's own behalf, or to remain silent and have no adverse inferences drawn from the Defendant's silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

12.     The Defendant, **JIMMIE ARCHIBALD SUTTON**, understands that the obligations of the Attorneys for the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

13.     The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. §552a.

14.     The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

4-27-06
_____
DATE

_____
JIMMIE     ARCHIBALD     SUTTON,
Defendant

4-27-06
_____
DATE

_____
William F. Nettles, IV
Attorney for the Defendant

4/27/06
_____
DATE

REGINALD I. LLOYD
UNITED STATES ATTORNEY

BY: _____
Rose Mary Parham
Assistant U. S. Attorney