IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

JIMMIE ARCHIBALD SUTTON,          )
a/k/a Ronnie L. Hickman           )
                                  )
          Petitioner,             )
                                  )
     vs.                          )          CR NO.: 4:05CR909-RBH(1)
                                  )          CV NO.: 4:10CV70312-RBH
UNITED STATES OF AMERICA,         )
                                  )
          Respondent.             )
_____   )

MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

On December 20, 2010, Petitioner JIMMIE ARCHIBALD SUTTON ("Sutton"), acting *pro se*, filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. Sutton claims that his sentence was incorrectly based upon him being classified as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e). Ferguson claims that one of his predicate offenses, Assault and Battery of a High and Aggravated Nature (ABHAN), is not a violent felony in light of the Sixth Circuit decision United States v. McFalls, 592 F.3d 707 (6th Cir. 2010). This claim is without merit because: (1) the claim is untimely; (2) the district court

did not rely upon Sutton's ABHAN conviction to determine that he was an armed career criminal and (3) Sutton has not raised this issue previously at the district court or appellate level.  Therefore, Sutton has failed to present a basis for relief under 28 U.S.C. § 2255.

Accordingly, the Government respectfully requests that Sutton's § 2255 motion be denied and judgment be entered in favor of the United States.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On August 24, 2005, a federal grand jury charged Sutton with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).  Docket Entry 2.  On April 28, 2006, Sutton signed a plea agreement with the government.  Docket Entry 31.  On May 4, 2006, pursuant to the plea agreement with the government, Sutton  pleaded guilty.  See Docket Entries 34 & 35.

Sutton's presentence report ("PSR") determined that he was an "armed career criminal" under 18 U.S.C. §924(e) and USSG §4B1.4.  See PSR, at ¶¶27 & 39. Sutton had numerous previous criminal offenses, including criminal sexual conduct, distribution of crack cocaine within a half-mile of a school, assaulting a police officer, resisting arrest, larceny, involuntary manslaughter and ABHAN.  PSR, at ¶¶17-23.  The PSR relied upon three of these convictions besides the ABHAN

conviction to determine that Sutton was an armed career criminal. PSR, at ¶39. The PSR did not rely upon the ABHAN conviction to determine that Sutton was an armed career criminal. PSR, at ¶39. Pursuant to USSG § 4B1.4, Ferguson's base offense level was determined to be 34. Ferguson's statutory mandatory minimum sentence was 180 months because he was determined to be an armed career criminal pursuant to 18 U.S.C. §924(e). PSR, at ¶¶39, 56. The guidelines range calculated by the PSR was 188 to 235 months. PSR, at ¶57.

On July 20, 2006, the district court conducted Sutton's sentencing hearing. Docket Entry 39; July 20, 2006 Sentencing hearing transcript (attached hereto as Exhibit 1). Sutton had no objections to the PSR. Sentencing Transcript (Exhibit 1), at p. 2. The district court adopted the PSR's findings. Sentencing Transcript (Exhibit 1), at p. 2. Sutton's counsel made an oral motion for a downward departure at the sentencing hearing because Sutton's state ABHAN conviction basically involved the same incident that gave rise to his federal gun charge. Docket Entry 39; Sentencing Transcript (Exhibit 1), at pp. 3-4. The district court granted the downward departure motion and sentenced Sutton to 185 months imprisonment. Sentencing Transcript (Exhibit 1), at pp. 8-9. On August 2, 2006, the district court entered judgment committing Sutton to the custody of the Bureau of Prisons for 185 months imprisonment. Docket Entry 41.

Sutton appealed his sentence.  Sutton argued that his Sixth Amendment rights were violated because the indictment did not allege the predicate offenses that made him subject to treatment as an armed career criminal under the provisions of 18 U.S.C. §924(e).  The Fourth Circuit affirmed Sutton's sentence on January 31, 2007. See United States v. Sutton, 215 Fed.Appx. 304 (4th Cir. 2007).  Docket Entry 51. The mandate issued on February 26, 2007.  Docket Entry 52.

The current § 2255 motion was filed on December 20, 2010.  Docket Entry 54.

## II.  ARGUMENT

**Sutton's §2255 motion must fail because (1) it is untimely; (2) the district court did not rely upon Sutton's ABHAN conviction to classify him as an armed career criminal; and (3) Sutton never raised this issue previously.**

Sutton's complaint centers around the supposed use of his state ABHAN conviction to classify him as an armed career criminal.  In particular, Sutton relies upon a Sixth Circuit case, United States v. McFalls, 592 F.3d 707 (6th Cir. 2010), that ruled that a defendant's South Carolina ABHAN conviction was not a "violent felony" for purposes of 18 U.S.C. §924(e)(2)(B) under either the categorical or modified categorical approach.  See Petitioner's Memorandum of Law in Support of §2255 Motion (Docket Entry 54-1).  The most recent Supreme Court decision which the McFalls decision relied upon was Begay v. United States, 553 U.S. 137 (2008). See McFalls, 592 F.3d at 714.

As an initial matter, Sutton's §2255 motion is untimely.   A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255.  28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Sutton's conviction became final more than three and a half years ago — when the time to file for a writ of certiorari in the  Supreme Court expired.  Sutton does not claim that the government wrongly prevented him from bringing an earlier § 2255 motion, and he does not allege newly-discovered facts.  Instead, Sutton bases his current motion on the Sixth Circuit's decision in McFalls.  McFalls, however, did not reset the clock on the § 2255 limitation period.  Although a Supreme Court decision

making a new right retroactive on collateral review would allow a prisoner to assert the right in a § 2255 motion brought within one year of the <u>Supreme Court</u> decision, <u>see</u> 28 U.S.C. § 2255(f)(3), that is not the case here.[1] The relevant Supreme Court decision (the most recent Supreme Court decision relied upon by the <u>McFalls</u> Court) is <u>Begay v. United States</u>, 553 U.S. 137 (2008), which was issued on April 16, 2008. Assuming Sutton could point to <u>Begay</u> as providing the basis for his § 2255 motion, his motion still would be untimely, as it was filed December 20, 2010 — two and a half years after the <u>Begay</u> decision. Therefore, the § 2255 motion is time-barred pursuant to 28 U.S.C. §2255(f)(3). <u>See</u> <u>Starks v. United States</u>, 2010 WL 4192875, at *2 (S.D.Fla. 2010) (dismissing §2255 motion as time-barred because it was filed more than one year and three months after <u>Begay</u> decision).

Additionally, even if Sutton's §2255 motion were not untimely, it is without merit because the district court did not rely upon his ABHAN conviction to determine that Sutton was an armed career criminal. The PSR did not rely upon Sutton's prior ABHAN conviction in determining that Sutton was an armed career criminal. <u>See</u> PSR, at PSR, at ¶39. This Court adopted the PSR's findings. Sentencing Transcript

---

[1]In <u>Dodd v. United States</u>, 545 U.S. 353 (2005), the Supreme Court interpreted § 2255(f)(3) to mean that the one year limitations period runs from the date of the Supreme Court decision "initially recogniz[ing]" the right in question, and not the date the decision is "made" retroactive to cases on collateral review. <u>Id.</u> at 357.

(Exhibit 1), at p. 2. In fact, this Court granted Sutton's downward departure motion based upon the fact that Sutton's ABHAN conviction involved the same incident that gave rise to his federal charge.  Docket Entry 39; Sentencing Transcript (Exhibit 1), at pp. 3-4, 8-9.  The district court granted the downward departure motion and sentenced Sutton to 185 months imprisonment.  Therefore, because this Court did not rely upon Sutton's prior ABHAN conviction in determining that Sutton was an armed career criminal, Sutton's argument that ABHAN should not be considered a "violent felony" pursuant to 18 U.S.C. §924(e) does not state a ground for relief under 28 U.S.C. §2255.

Furthermore, Sutton failed to raise this issue previously at the district court or appellate court level.  This very Court has determined that this is an additional basis to deny a §2255 motion attacking a sentencing enhancement based upon a prior ABHAN conviction.  Greene v. United States, 2010 WL 5141661, at *3-4 (D.S.C. December 10, 2010).

## CONCLUSION

For the above reasons, the Government respectfully requests that this court

deny Sutton's motion and grant judgment in favor of the United States.

Respectfully submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

By: s/ Robert F. Daley, Jr.
Robert F. Daley, Jr. (#6460)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
(803) 929-3000

January 24, 2011